Travis E. Lynch (SBN 335684)
    Email: lynch@rhmtrial.com
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866

Steven W. Ritcheson (SBN 174062)
    Email: switcheson@insightplc.com
**INSIGHT, PLC**
578 Washington Blvd. #503
Marina del Rey, California 90292
Telephone: (424) 289-9191

*Attorneys For Plaintiff ZUGARA, INC.*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZUGARA, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>GOODR LLC,<br><br>          Defendant. | Case No. 2:24-cv-08133<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Zugara, Inc. ("Plaintiff" or "Zugara") files this complaint against GoodR LLC ("GoodR" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action for Defendant's infringement of the following United States Patent (the "Asserted Patent"), issued by the United States Patent and Trademark Office ("USPTO"):

| Patent No. | Title | Reference |
|---|---|---|
| 10,482,517 | Providing A Simulation Of Wearing Items Such As Garments And/Or Accessories | USPTO.GOV, https://patentcenter.uspto.gov/applications/14936444, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/10482517 |

2. Zugara seeks injunctive relief and monetary damages.

## PARTIES

3. Zugara, Inc. is a corporation organized under the laws of the State of California, with its principal place of business at 13101 Washington Blvd., Suite 403, Los Angeles, California 90066 (Los Angeles County).

4. Based upon public information, GoodR is a limited liability company organized and existing under the laws of California since May 4, 2015.

5. Based upon public information, GoodR has its principal place of business at 300 N. Oak St., Inglewood, California 90302 (Los Angeles County).

6. Based upon public information, GoodR can be served with process through its registered agent, Northwest Registered Agent, Inc., located at 2108 N St, Suite N, Sacramento, California 95816-5712, or wherever they may be found.

## JURISDICTION AND VENUE

7. Zugara repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in its entirety.

8. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of California and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of California and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of California and in this judicial district.

10. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this district. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in California and this district.

11. On information and belief, GoodR engages in making, using, selling, offering for sale, importing, or otherwise providing, directly or indirectly, throughout California, including in this judicial district, products and services with features and functionalities that infringe the Asserted Patent.

12. On information and belief, GoodR sells and offers to sell products and services throughout California, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in California and this judicial district.

# THE ACCUSED PRODUCTS

13. Zugara repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in its entirety.

14. Based upon public information, Defendant owns, operates, advertises, and/or controls the website https://goodr.com/, through which it advertises, sells, offers to sell, provides and/or educates customers about its products and services utilizing infringing systems.

15. Defendant makes, has made, uses, causes to be used, imports, provides, supplies, distributes, or offers one or more augmented reality (AR) products and tools, including but not limited to the virtual "Try-On" tool and AR ads available on Defendant's website, including, for example, features allowing users to virtually "Try-On" GoodR brand sunglasses, and features allowing users to capture and share videos and/or images of the user wearing the virtual sunglasses, as depicted below (hereinafter, "the Accused Products"). *See* **Figure 1** (below); *see also* **Exhibit A** (Evidence of Use Regarding Infringement of U.S. Patent No. 10,482,517).



**Figure 1**
*Source*: GOODR, https://goodr.com/products/midnight-ramble-at-a-circle-bar (showing screenshot of "Midnight Ramble At Circle Bar" Try-On feature and AR ad)

16. Based upon public information and belief, the Accused Products are available on the Defendant's website, which users may access through phones, tablets, or computers, including but not limited to the phones, tablets, or computers used by the Defendant's employees and customers. *See id.*

17. On information and belief, Defendant provides information and assistance to its customers to enable them to use the Accused Products in an infringing manner as described below.

18. For these reasons and the additional reasons detailed below, the Accused Products practice at least one claim of the Asserted Patent.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,482,517

19. Zugara repeats and re-alleges the allegations in Paragraphs 1-16 above as though fully set forth in their entirety.

20. U.S. Patent No. 10,482,517 (the "'517 Patent") was issued on November 19, 2019, after full and fair examination by the United States Patent Office of Application No. 14/936,444, which was filed November 9, 2015. *See* '517 patent.

21. Zugara owns all substantial rights, interest, and title in and to the '517 Patent, including the sole and exclusive right to prosecute this action and enforce the '517 Patent against infringers and to collect damages for all relevant times.

22. The claims of the '517 Patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that allow for a user to simulate wearing real-wearable items, such as virtual garments and accessories.

23. The written description of the '517 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

24. Defendant has directly infringed one or more claims of the '517 Patent by manufacturing, selling, offering for sell, importing, using, providing, supplying, or distributing the Accused Products.

25. For instance, Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '517 Patent, as detailed in <u>Exhibit A</u> to this Complaint (Evidence of Use Regarding Infringement of U.S. Patent No. 10,482,517).

26. As just one example, as detailed in <u>Exhibit A</u>, the Accused Products include a system configured for allowing a user to simulate wearing real-wearable items, the system comprising: one or more hardware processors configured by machine readable instructions to: obtain, from a client computing platform, a live video feed; recognize a position and/or orientation of one or more body parts of a user within the live video feed, the one or more body parts including a first body part; provide a virtual-outfitting inter for presentation to the user *via* the client computing platform, the virtual- outfitting interface including two or more separate portions simultaneously presented in the virtual outfitting interface, the two or more separate portions including a main display portion and an icon that is overlaid upon the main display portion, wherein the main display portion includes a composite video feed that incorporates the live video feed of the user and a first virtual-wearable item, and wherein a position, size, and/or orientation of the first virtual wearable item is determined such that the first virtual wearable item moves within the main display portion according to the position and/or orientation of the user within the live video feed so that the user appears to be wearing the first virtual-wearable item in real time in the main display portion; and provide a social-networking tool graphically presented in the virtual-outfitting interface, the social-networking tool allowing the user to interface with one or more social-networking services with which the user is associated.

27. Since at least the time of receiving the original complaint in this action, Defendant has indirectly infringed and continues to indirectly infringe the '517 Patent by inducing others to directly infringe the '517 Patent. Defendant has induced and continues to induce customers and end-users, including, but not limited to, Defendant's customers, employees, partners, contractors, customers and/or potential customers, to directly infringe, either literally or under the doctrine of equivalents, the '517 Patent by providing or requiring use of the Accused Products. Defendant has taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '517 Patent, including, for example, claim 1. Such steps by Defendant have included, among other things, advising or directing customers, personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; distributing instructions that guide users to use the Accused Products in an infringing manner; and/or instructional and technical support on its website/dashboard and/or telematics application(s). Defendant has been performing these steps, which constitute induced infringement with the knowledge of the '517 Patent and with the knowledge that the induced acts constitute infringement. Defendant has been aware that the normal and customary use of the Accused Products by others would infringe the '517 Patent. Defendant's inducement is ongoing.

28. Defendant has indirectly infringed and continues to indirectly infringe by contributing to the infringement of the '517 Patent. Defendant has contributed and continues to contribute to the direct infringement of the '517 Patent by its customers, personnel, and contractors. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '517 Patent, including, for example, claim 1. The special features constitute a material part of the invention of one

or more of the claims of the '517 Patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

29. Defendant had knowledge of the '517 Patent at least as of the date when it was notified of the filing of this action.

30. Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of Zugara's patent rights.

31. Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

32. Defendant's infringement of the '517 Patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Zugara's rights under the '517 Patent.

33. Zugara has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Zugara has and will continue to suffer this harm by virtue of Defendant's infringement of the '517 Patent. Defendant's actions have interfered with and will interfere with Zugara's ability to license technology. The balance of hardships favors Zugara's ability to commercialize its own ideas and technology. The public interest in allowing Zugara to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

34. Zugara or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '517 Patent.

35. Zugara has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Zugara in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

# **PRAYER FOR RELIEF**

WHEREFORE, Zugara requests that the Court find in its favor and against Defendant, and that the Court grant Zugara the following relief:

a. Judgment that one or more claims of the Asserted Patent has been infringed, either literally or under the doctrine of equivalents, by Defendant or others acting in concert therewith;

b. Judgment that Defendant account for and pay to Zugara all damages to and costs incurred by Zugara because of Defendant's infringing activities and other conduct complained of herein;

c. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the Asserted Patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the Asserted Patent by such entities;

d. Judgment that Defendant's infringements of the Asserted Patent be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e. Pre-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

f. That this Court declare this an exceptional case and award Zugara its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g. All other and further relief as the Court may deem just and proper under the circumstances.

| | |
|---|---|
| Dated: September 21, 2024 | Respectfully submitted, |
| | By: */s/ Travis E. Lynch* |
| | Travis E. Lynch (SBN 335684)<br>Email: lynch@rhmtrial.com<br>**ROZIER HARDT MCDONOUGH PLLC**<br>659 Auburn Avenue NE, Unit 254<br>Atlanta, Georgia 30312<br>Telephone: (404) 564-1866 |
| | Steven W. Ritcheson (SBN 174062)<br>Email: switcheson@insightplc.com<br>**INSIGHT, PLC**<br>578 Washington Blvd. #503<br>Marina del Rey, California 90292<br>Telephone: (424) 289-9191 |

*Attorneys for Plaintiff ZUGARA, INC.*

### List Of Exhibits

**A.** Evidence of Use Regarding Infringement of U.S. Patent No. 10,482,517

### List of Supportive Links

1. GOODR, https://goodr.com/.
2. GOODR, https://goodr.com/products/midnight-ramble-at-a-circle-bar